<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON HEALTHCARE SERVICES, INC., a New Jersey Corporation,<br><br>            Plaintiff<br><br>            v.<br><br>ALLIED NATIONAL INC., a Missouri Corporation licensed by the State of New Jersey, AMERICAN INTERNATIONAL GROUP, INC., a Delaware Corporation, THE UNITED STATES LIFE INSURANCE COMPANY CITY OF NEW YORK, a New York Corporation, BROKERAGE MARKETING SERVICES CORPORATION, a Pennsylvania Business Corporation, licensed by the State of New Jersey, And, CELTIC INSURANCE CO., a Delaware Corporation,<br><br>            Defendants. | Civil Action No. 03-4098 (JAG)<br><br>OPINION |

**<u>GREENAWAY, JR., U.S.D.J.</u>**

       This matter comes before this Court on the motions for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c), by Plaintiff Horizon Healthcare Services, Inc. ("HHS"). HHS's motions request that this Court grant judgment on the pleadings for HHS on Defendant Allied National Inc.'s ("Allied") counterclaim, as it pertains to HHS's alleged infringement of a common law family of marks, and as it pertains to HHS's alleged common law infringement of the mark HORIZONS. For the reasons set forth below, HHS's motions will be denied.

1

## I. PROCEDURAL BACKGROUND

On August 28, 2003, HHS initiated this action. On February 8, 2005, HHS filed a second amended complaint, asserting claims against Defendants Allied National Inc. ("Allied"), American International Group, Inc., The United States Life Insurance Company City of New York, Brokerage Marketing Services Corporation, and Celtic Insurance Co. (collectively, "Defendants") for (1) false designation of origin under 15 U.S.C. § 1125(a); (2) unfair competition under the New Jersey Unfair Trade Practices Act; (3) common law trademark infringement; (4) cancellation of Allied's U.S. Trademark for trademark invalidity based upon fraud; (5) vicarious liability / contributory infringement; (6) unclean hands; and (7) breach of contract / indemnification.

On October 21, 2003, Defendants filed an answer to HHS's original complaint, and Allied filed a counterclaim against HHS for trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), cyberpiracy under 15 U.S.C. § 1125(d), violation of the New Jersey Unfair Trade Practices Act, and common law unfair competition. On August 3, 2004, after this Court granted HHS leave to file an amended complaint, Defendants filed an amended answer, and Allied filed an amended counterclaim, asserting the same causes of action contained in its original counterclaim.

On February 14, 2006, this Court entered an order and accompanying opinion, which adjudicated HHS and Allied's cross-motions for summary judgment regarding the validity of a service mark that had been registered by Allied, and the priority of the HORIZONS mark in New York, New Jersey, Connecticut, Delaware, and Pennsylvania. This Court ordered the cancellation of Allied's service mark, registered as U.S. Trademark Registration No. 2,724,437,

on the ground that application defects rendered the service mark invalid. This Court further ordered that HHS has priority in the HORIZON mark in New York, New Jersey, Connecticut, Delaware, and Pennsylvania.

Relying in part on this Court's February 14, 2006 order, HHS has now moved for judgment on the pleadings on Allied's counterclaim, to the extent it alleges that HHS has engaged in common law infringement of the HORIZONS mark, and infringement of the common law family of marks.

## II. FACTUAL ALLEGATIONS[1]

### A. Allied's Claimed Marks

On December 11, 1995, Allied filed an application with the U.S. Patent and Trademark Office ("USPTO") to register the trademark WELLNESS HORIZONS, for services related to health care insurance. (Counterclaim ¶ 6.) The WELLNESS HORIZONS mark was ultimately registered under U.S. Trademark Registration No. 2,084,836, and became incontestable under 15 U.S.C. § 1065 on July 27, 2002. (Id.)

On November 18, 1996, Allied filed an application with the USPTO to register the trademark HORIZONS, for services related to health care insurance. (Id. ¶ 7.) On June 10, 2003, the HORIZONS mark was registered as U.S. Trademark Registration No. 2,724,437. (Id.)

Allied contends that in early 1996, it began marketing health care insurance-related products and services in interstate commerce in connection with the WELLNESS HORIZONS mark. (Id. ¶ 9.) Allied also alleges that since early 1996, it has introduced, and extensively

---

[1]Because HHS has moved for judgment on the pleadings on claims asserted in Allied's counterclaim, the factual allegations set forth in the this section are those asserted in the counterclaim. (Docket Entry No. 29.)

promoted, marketed, and advertised, a series of health care insurance-related products and services under a so-called "family" of marks, including HORIZONS FIFTY PLUS, HORIZONS TEMPORARY HEALTH, HORIZONS HEALTH PLAN INDIANA, HORIZONS DENTAL DESIGN, HORIZONS COMPANION LIFE, HORIZONS COMPANION DISABILITY, and HORIZONS COST SAVER (collectively, "Allied's alleged family of marks"). (Id. ¶¶ 10-11.) Allied maintains that its alleged family of marks have become widely associated with Allied, as the source of the products marketed under the alleged family of marks in interstate commerce, and that substantial goodwill is associated with the alleged family of marks. (Id. ¶ 12.) Allied contends that its use of the alleged family of marks is worldwide via the Internet, and that its products sold under the alleged family of marks are traded in the District of Columbia, and all states except for Hawaii. (Id. ¶ 13.)

      **B.**     **HHS's Alleged Infringing Activity**

Allied contends that beginning in or about May 1998, HHS filed a series of applications with the USPTO for the registration of various marks including the term "Horizon." (Id. ¶ 14.) None of these marks has been allowed by the USPTO, and several of HHS's applications have been suspended or rejected by the USPTO on the basis of Allied's alleged family of marks. (Id.)

In or about late 1998, HHS changed its name from Blue Cross Blue Shield of New Jersey, Inc. to Horizon Healthcare Services, Inc. (Id. ¶ 15.) Also in or about late 1998, HHS began marketing and promoting health care insurance-related products and services in connection with the designation "Horizon Healthcare Services," in one or more of the states of New Jersey, Delaware, Connecticut, and Pennsylvania. (Id. ¶ 16.) Allied did not authorize HHS's use of "Horizon Healthcare Services" or any other designation including the term "Horizon." (Id. ¶ 17.)

Allied contends that HHS's use of "Horizon Healthcare Services" and other designations including the term "Horizon" likely will cause confusion, such that Allied's products sold under the alleged family of marks are likely to be confused with HHS's health care-related products and services, and vice versa. (Id. ¶ 18.) Allied also contends that, based on the alleged lesser-quality of HHS's health care related-services and products, HHS's use of "Horizon Healthcare Services" and other designations, including the term "Horizon," will cause harm to the goodwill associated with Allied's products and services. (Id. ¶ 19.)

Allied also alleges that HHS has registered, or has caused to be registered, Internet domain names including the term "Horizon," and has used those domain names in connection with its web site related to health care insurance. (Id. ¶ 20.)

### III. DISCUSSION

A. **Legal Standard Governing Rule 12(c) Motions for Judgment on the Pleadings**

FED. R. CIV. P. 12(c) provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The pleadings are "closed" after the complaint and answer are filed, along with any reply to additional claims asserted in the answer. See Owens v. Horn, Civil Action No. 3:02-CV-0356, 2006 WL 1620220, at *1 (M.D. Pa. June 7, 2006 ); Williams v. Walnut Park Plaza, 68 F. Supp. 957, 958 (E.D. Pa. 1946); FED. R. CIV. P. 7(a).

"Under Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be re solved and that he is entitled to judgment as a matter of law." Bayer Chemicals Corp. v. Albermarle Corp., 171 Fed. Appx. 392, 397 (3d Cir.

Mar. 21, 2006) (quoting Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290 (3d Cir. 1988) (citations and quotations omitted)).

"The standard applied to a Fed.R.Civ.P. 12(c) motion for judgment on the pleadings is similar to that applied to a FED. R. CIV. P. 12(b)(6) motion to dismiss. Haynes v. Metropolitan Life Ins. Co., 94 Fed. Appx. 956, 958 (3d Cir. Apr. 20, 2004) (citing Turbe v. Gov't of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). "In reviewing the grant of a Rule 12(c) motion, [the court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Bayer, 171 Fed. Appx. at 397 (quoting Jablonski, 863 F.2d at 290-291 (citations and quotations omitted)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Bayer, 171 Fed. Appx. at 397 (quoting Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

Moreover, as with a Rule 12(b)(6) motion, in deciding a Rule 12(c) motion, the court generally does not consider matters outside the pleadings. Mele v. Federal Reserve Bank of New York, 359 F.3d 251, 257 (3d Cir. 2004). The court, however, may consider matters of public record, orders and exhibits attached to the complaint. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994). See also Lo Sacco v. City of Middletown, 745 F. Supp. 812, 814 (D. Conn. 1990); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004).

**B.     Whether HHS's Motions Are Properly Brought Under Rule 12(c)**

Allied argues that HHS's motions for judgment on the pleadings rely on information outside the scope of the pleadings, and should be denied as improper under Rule 12(c). Magistrate Judge Arleo directed HHS not to file any motions relying on material beyond the

6

scope of the pleadings prior to the close of discovery, and indicated that any such motions would be denied as premature summary judgment motions.

As this Court has explained, "[i]n deciding a Rule 12(c) motion, the court does not consider matters outside the pleadings." Mele, 359 F.3d at 257. Fed. R. Civ. P. 12(c) provides, however, that

> [i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

A motion for dismissal of a complaint or counterclaim for insufficiency on its face should not be treated as a motion for summary judgment, however, if the parties are not given a full opportunity to present all pertinent material beyond the scope of the pleadings. Lowenschuss v. Kane, 520 F.2d 255, 261-62 (2d Cir. 1975).

HHS has made two motions for judgment on the pleadings, which are now before this Court. HHS's first motion requests judgment on the pleadings for HHS on Allied's counterclaim regarding infringement of the alleged family of marks. This first motion is based on this Court's February 14, 2006 order on the parties' cross-motions for summary judgment regarding validity of and priority to the HORIZONS mark. The February 14, 2006 order was based on limited discovery conducted on the issues of validity and priority as respects the HORIZONS mark. HHS argues that this Court's finding that HHS has priority in the HORIZONS mark in the five-state area precludes any argument Allied might make that it has priority. HHS specifically argues that in light of this Court's prior order, Allied cannot make the requisite showing that the purchasing public associated the HORIZONS name with Allied's products before 1998, the date

7

on which Allied alleges HHS began its allegedly infringing use of the alleged family of marks.

Similarly, in its second motion for judgment on the pleadings, HHS argues that it is entitled to judgment on Allied's counterclaim for infringement of the HORIZON mark because, based on this Court's February 14, 2006 order finding that HHS has prior rights to the HORIZONS mark in the five-state area, Allied cannot establish prior ownership of common law trademark rights in the HORIZONS mark in the five-state area.

This Court finds that HHS's motions are not, as styled, motions for judgment on the pleadings. Rather, they are motions for summary judgment, based in part on the evidence submitted in conjunction with his Court's February 14, 2006 order. As the Third Circuit has clearly found, "[i]n deciding the motion for judgment on the pleadings, the district court determines from the pleadings 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" Hazen v. Modern Food Services, Inc., 113 Fed. Appx. 442, 444 (Oct. 15, 2004) (quoting Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). When deciding a motion for summary judgment, on the other hand, "the district court reviews all discovery and determines whether a genuine issue of material fact exists." Hazen, 113 Fed. Appx. at 444 (citing Farrell v. Planters Lifesavers Co., 206 F.3d 271, 278 (3rd Cir. 2000)). "The standard used to decide these two very different motions is obviously not the same. In deciding a motion to dismiss on the pleadings, the court presumes that the plaintiff will be able to prove the allegations set forth in the pleadings, and then determines if those allegations establish a cause of action. Summary judgment involves no such presumption." Hazen, 113 Fed. Appx. at 444.

Here, HHS is not arguing that the pleadings themselves are deficient. HHS does not

contest that Allied would prevail on its family of marks or HORIZONS mark infringement claims if Allied were to prove all of the facts alleged in its pleadings.  Rather, HHS essentially argues that facts and evidence before this court preclude judgment in Allied's favor.  HHS's motions are based on an argument that Allied cannot prove the facts set forth in its pleadings.  HHS thereby rejects the mandatory presumption on motions for judgment on the pleadings, i.e., HHS ignores the presumption this Court must make that Allied can prove all facts set forth in its counterclaim.  See Hazen, 113 Fed. Appx. at 444.  HHS's motions are improperly brought, pursuant to Rule 12(c), and must be denied.  HHS is free to raise the issues and arguments presented in these motions at the summary judgment phase of this action.[2]

## IV.  CONCLUSION

For the reasons stated above, HHS's motions for judgment on the pleadings are denied.


Dated: April 10, 2007                             s/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[2] Because this Court has denied HHS's motions for judgment on the pleadings as improperly brought, pursuant to Rule 12(c), this Court need not address HHS's request for attorneys' fees, pursuant to Rule 11.